IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | | |
|---|---|---|
| PETER MATYJASIK<br>5066 Transit Road<br>DePew, NY 14043<br><br>   Plaintiff<br><br>vs.<br><br>PROSLIDE TECHNOLOGY, INC.<br>2650 Queensview Drive, Suite 150<br>Ottawa Ontario K2B 8H6<br><br>   and<br><br>SCOTT'S SPLASH LAGOON, INC.<br>8040 Peach Street<br>Erie, PA 16509<br><br>   and<br><br>ABC CORPORATIONS 1-5,<br>INCLUSIVE<br>Names and Address Unknown<br><br>   Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 05-259 E<br><br>JUDGE:<br><br><br><br><br><br><br><br><br><br>COMPLAINT<br>(Trial By Jury Demanded) |

LOWE • EKLUND • WAKEFIELD & MULVIHILL CO., L.P.A.
Attorneys & Counsellors at Law
Tower City Center
610 Skylight Office Tower
1660 West Second Street
Cleveland, OH 44113-1454
216/781-2600

## JURISDICTION

1)   This court has jurisdiction in this matter pursuant to 28 U.S.C. Section 1332.

2)   At all times relevant herein, Plaintiff Peter Matyjasik was a single adult whose principle place of residence was in the city of DePew, state of New York.

3) At all times relevant herein, Defendant ProSlide Technology, Inc. (hereinafter "ProSlide") is a Canadian corporation with its principle place of business in Ontario, Canada.

4) At all times relevant herein, Defendant Scott's Splash Lagoon, Inc. (hereinafter "SSL") is a Pennsylvania corporation with its principle place of business in Erie, Pennsylvania.

5) This action is of a civil nature involving, exclusive of interest and costs, a sum in excess of $75,000.00. All issues of law and fact herein are wholly between citizens of different states.

## FIRST CAUSE OF ACTION

6) Plaintiff incorporates and reavers the allegations contained in paragraphs 1-5 as though fully rewritten herein.

7) At all times relevant herein, Defendant ProSlide was a manufacturer of amusement and recreation equipment which designed, produced, created, made, constructed, and/or assembled a certain water slide called the "Cyclone".

8) The Cyclone was unreasonably dangerous and defective in design, manufacture, and as a result of inadequate warning or instruction, because, at the time that it left Defendant ProSlides' hands, it lacked elements necessary to make it safe for its intended use and/or contained conditions which made it unsafe for its intended use.

9) On or about October 3, 2003, Plaintiff Peter Matyjasik was riding an inner tube on the Cyclone in a reasonably foreseeable and intended manner when suddenly, and without warning, a piece and/or component of the slide protruding from the floor of the slide

struck Plaintiff in the tailbone as he rode over it. As a result, Plaintiff suffered severe injury, including but not limited to a fractured tailbone.

10) As a further direct and proximate result of the defective condition of the Cyclone ride, Plaintiff Peter Matyjasik suffered severe physical and mental pain and anguish, incurred medical and hospital expenses in amounts not yet ascertainable, and has lost significant earning from his business in an amount not yet ascertainable. All of Plaintiff's injuries, damages, and losses are permanent in nature. Plaintiff will continue to incur hospital and medical expenses and related expenses for associated care and Plaintiff has suffered a permanent diminution of his earning capacity, as well as a permanent reduction in his ability to enjoy life.

### SECOND CAUSE OF ACTION

11) Plaintiff incorporates and reavers the allegations contained in paragraphs 1-10 as though fully rewritten herein.

12) At all times relevant herein, Defendant SSL owns and operates an indoor water park open to the public which incorporates waters rides, including the "Cyclone" manufactured by Defendant ProSlide.

13) Defendant SSL negligently maintained its premises in creating and/or allowing dangerous conditions to exist, and failed to warn patrons of dangerous conditions.

14) As a direct and proximate result of Defendant SSL's negligence, Plaintiff Peter Matyjasik suffered all of the injuries and damages set forth hereinabove.

## THIRD CAUSE OF ACTION

15) Plaintiff incorporates and reavers the allegations contained in paragraphs 1-14 as though fully rewritten herein.

16) At all times relevant herein, Defendants ABC Corporations 1-5, whose true names and addresses are currently unknown, are individuals, corporations, or other legal entities acting through their agents, servants, and/or employees, which installed and/or maintained the aforementioned Cyclone ride on Defendant SSL's property.

17) Defendant ProSlide and/or Defendant SSL and/or Defendants ABC Corporations 1-5 negligently installed and maintained the aforementioned Cyclone ride, allowing a part and/or component to protrude into the riding area, causing injury to Plaintiff Peter Matyjasik.

18) As a direct and proximate result of the negligence of Defendant ProSlide and/or Defendant SSL and/or Defendants ABC Corporations 1-5, Plaintiff Peter Matyjasik suffered all of the injuries and damages as set forth hereinabove.

WHEREFORE, Plaintiff Peter Matyjasik prays for judgment against Defendant ProSlide Technology, Defendant Scott's Splash Lagoon, and Defendants ABC Corporations 1-5, for an amount in excess of $75,000.00, together with his expenses, fees, interests, and such other relief as the court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury on all the issues of this claim for relief by the maximum number of jurors allowed by law.

4

Respectfully submitted,

GREGORY S. SCOTT (0067255
Lowe, Eklund, Wakefield & Mulvihill Co., L.P.A.
610 Skylight Office Tower
1660 West Second Street
Cleveland, Ohio   44114-1454
(216) 781-2600
(216) 781-2610 *facsimile*
gscott@lewm.com
Attorney for Plaintiff

CA   05-259  E



# LOWE EKLUND WAKEFIELD & MULVIHILL CO., LPA

September 2, 2005

Clerks Office
P.O. Box 1820
Erie, PA 16507

JAMES A. LOWE*
CLAUDIA R. EKLUND*
MARK L. WAKEFIELD
DENNIS P. MULVIHILL
GREGORY S. SCOTT

Re:   *Peter Matyjasik vs. Proslide Technology, Inc., et al.*

DONALD CYBULSKI

Dear Madam/Sir:

Enclosed please find the original and one (1) copy of the *Complaint,* together with a check for the $250.00 filing fee. Please file the original with the Court and return a time stamped copy to me in the enclosed envelope.

Also enclosed please find the original and one (1) copy of the *Motion for Admission Pro Hac Vice*, together with a check for the $40.00 filing fee. Please file the original with the Court and return a time stamped copy to me in the enclosed envelope.

Thank you.

Very truly yours,

Gregory S. Scott

GSS/mab
Enclosures